Pjsok, J.
The taking of judgment in the Morrow common pleas upon a warrant of attorney, without its production and proof of its execution, and without filing the original warrant, or a copy of it, at the rendition of the judgment, was an irregularity, for which the judgment so taken might be vacated and set aside, upon motion to the court in which it was rendered (sections 380, 534, and 535 of the code of civil procedure) ; and such motion prior to as well as since the code, might be made at the term in which such judgment was rendered, or at a subsequent term. Huntington & McIntyre, 3 Ohio St. 445. Section 535 of the code.
*Loyd, one of the defendants, at the term in which it was rendered, filed his motion to vacate the judgment for this cause, and that motion was regularly continued, from term to term, until it was finally disposed of by Getting aside the judgment. A motion thus made, continued, and determined, is, in legal contemplation, as if made and decided at the trial term. A motion •to vacate a judgment for irregularity is a “proceeding” authorized by the code, and as such, is amendable. There was not, therefore, any error in permitting the defendant Thompson to become a party thereto, at the second term after rendition of the judgment, such amendment being authorized by section 137 of the code; and, as we have already seen, an original motion might have been filed by Thompson at the time such amendment was made.
But it is claimed that shortly after the rendition of said judgment, Loyd and Thompson voluntarily paid and discharged the same, and should not now be suffered to deny its binding obligation when rendered. There is no doubt but that the voluntary payment of a judgment by the debtor therein, if made with a full knowledge of the facts affecting, its validity, will have the effect claimed; but there must be a concurrence of both volition and knowledge. If paid voluntarily, but in ignorance of the facts af_ footing its validity, or if the payment was not voluntary, though the party paying was aware of the facts rendering it invalid, such payment will not preclude the judgment debtor from questioning its validity. It is apparent from the facts and circumstances set forth in the bill of exceptions, that at the time Loyd and Thompson paid off said judgment, an execution issued thereon was in the *410 hands of the sheriff of Morrow county, upon which a horse, saddle, and bridle, the property of Loyd, had been seized, and were then in the hands of the sheriff, and that he had been instructed by the plaintiff to levy said execution upon the grocery-store and goods, then and there in the possession and ownership of Thompson, unless *the judgment should be paid off; and as they severally testify, Loyd’s object was to release his property thus seized and held upon execution, and Thompson’s,to prevent the seizure of his store and goods, and the injuries and discredit such a course would occasion to him. These facts would seem to bring the case within the principle stated by Ranney, J., in Mays v. Cincinnati, 1 Ohio St. 278, that a payment is not voluntarily “ when it is made to procure the release of the person or property of the party from detention, or where the other is armed with apparent authority to seize upon either, and the payment is made to prevent it.” Such a payment not having been voluntary, it is unnecessary to examine the point, much mooted by counsel, as to the full knowledge or ignorance of Loyd and Thompson, of the facts affecting the validity of the judgment. We do not think them estopped by reason of such payment from vacating the judgment.
If the money had been collected by a levy and sale, and the judgment thereby satisfied, there could be no doubt but that the judgment could have been reversed, notwithstanding the satisfaction; and we see no difference in principle between the two cases.
It appears from the record that the defendant never, in fact, executed such a bill or such a power as are sot forth in the petition and answer. The bill of exchange which they did execute, was one drawn upon J. B. Miles, No. 8, Washington Market, and the power of attorney was to confess a judgment upon that bill. The petition describes a bill drawn by defendants upon Atwood & Co., of Wall street, N. Y., and the power of attorney is to confess a judgment upon that bill. The record shows that no service, actual or constructive, was ever made upon the defendants, and that no authority was ever delegated by them to any attorney to appear and confess judgment upon the bill set forth in the petition. It was, then, an appearance and confession by an attorney, without any warrant or authority for so doing, and the record therefore shows that the *Morrow common pleas, in fact, had no jurisdiction over the persons of the defendants. The appropi’iate remedy, in such a case, is by mo- * tion to the court in which the judgment was rendered, at the same *411 or a subsequent term. Abernathy v. Latimore et al., 19 Ohio, 288; Hunt et al. v. Teatman, 3 Ohio, 16.
The proofs taken upon the motion to vacate, render it highly probable that defendants are indebted to the plaintiff' upon another and different bill of exchange ; and it is urged that, inasmuch as courts, in motions to set aside judgments at a subsequent term, exercise an equitable jurisdiction (3 Ohio St. 445), such vacation should not be permitted in this case, because, though not indebted for the cause of action described in the petition, they are indebted to a similar amount upon another cause of action, which the plaintiff ought to have declared on. This, it seems to us, would be an extension of this rule of equitable adjustment, somewhat novel in its character, dangerous in its application, and far beyond any precedent which can be found. The record of the judgment by confession contains no means of identifying the bill upon J. E. Miles, with that declared on. Section 538 of the code, which provides that a judgment shall not be vacated on motion, until it is adjudged that there is a valid defense to the action, was intended to apply to cases where the ground of the motion is that the party had a defense which he, for some cause, was prevented from setting up, and not to cases where, as in the- ease at bar, there is confessedly no such cause of action, or where the court had no jurisdiction over the person of the defendants.
It is also insisted that the judgment of the district court should be reversed, because it merely dismisses the petition and does not affirm the judgment of the court of common pleas, and award restitution of the money paid upon the judgment. It is sufficient for us to say, that if the order of the district court is liable to these objections, and as to which we make no intimation, they are not errors *of which the plaintiff can complain, and the defendants have not seen fit to do so, except in their brief.

Judgment and order of district court affirmed.

Brinker.hoi’f, C. J., and Scott, Sutliee, and G-holson, JJ., concurred.